**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

JUL 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA SILVA GRAMAJO-SANTOS, | No. 09-70187 |
| Petitioner, | Agency No. A072-142-337 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before: CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Maria Silva Gramajo-Santos, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") decision denying her application for asylum

and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law and for substantial evidence factual findings. *See Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Gramajo-Santos failed to establish harm rising to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936-37 (9th Cir. 2000) (mail and telephone death threats to petitioner on NPA death list did not compel a finding of past persecution). Substantial evidence also supports the agency's conclusion that Gramajo-Santos failed to establish that the guerrillas pursued her on account of a protected ground, *see INS v. Elias-Zacarias*, 502 U.S. 478, 481-84 (1992), and did not establish any connection to the incidents of harm her family members experienced, *see Wakkary*, 558 F.3d at 1060 (harm to petitioner's associates was not "closely tied to" petitioner himself) (internal quotation and citation omitted). Accordingly, her asylum and withholding of removal claims fail.

Gramajo-Santos's contention that the BIA erred in summarily upholding the IJ's decision is belied by the record, as is her contention that the BIA failed to address the IJ's conduct of her hearing. Further, she has not overcome the presumption that the BIA reviewed the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

09-70187

Finally, with respect to due process, we reject Gramajo-Santos's contention that the IJ's questioning prevented her from fully presenting her case. *See Halaim v. INS*, 358 F.3d 1128, 1137 (9th Cir. 2004) (interruption of petitioner's testimony did not rise to the level of intimidation or advocacy for the agency); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring both error and "substantial prejudice" to prevail on a due process challenge to deportation proceedings). We lack jurisdiction to review Gramajo-Santos's claim regarding the presentation of witnesses because she failed to raise this issue to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction over claims not presented below). We also reject Gramajo-Santos's summary contention that the delay in processing her case constituted a denial of due process because we lack jurisdiction over the Attorney General's decision to "commence proceedings." *See Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 598-99 (9th Cir. 2002) (construing 8 U.S.C. § 1252(g) and concluding court lacked jurisdiction over petitioner's claim that the INS had to immediately initiate deportation proceedings against her when she presented herself to the agency). Gramajo-Santos has not otherwise presented a colorable due process claim regarding the delay in her case. *See Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**